**Mary Cushing ANDERSON, et al.**

v.

**BUREAU OF PUBLIC LANDS.**

Supreme Judicial Court of Maine.

Argued Jan. 10, 1985.

Decided April 2, 1985.

---

212

Powers & French, Robert R. Goodrich (orally), John L. French, Freeport, for plaintiffs.

James E. Tierney, Atty. Gen., Paul Stern, Asst. Atty. Gen., (orally) Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

Mary Cushing Anderson appeals from a judgment of the Superior Court, Kennebec County, affirming a decision of the Bureau of Public Lands that Anderson's claim[1] to Little Jewell Island was invalid, pursuant to the Maine Coastal Island Registry Act, 33 M.R.S.A. §§ 1201–1218 (1978 & Pamph. 1984). The only issue for judicial review is whether the bureau was correct in its determination that Anderson did not establish her title to Little Jewell Island in the administrative proceedings. Because the plaintiff failed to show that she owned Little Jewell Island, we affirm the bureau's decision.

I.

The Legislature enacted the Coastal Island Registry Act in order to clarify title to islands in Maine's coastal waters. 33 M.R.S.A. § 1201. The act created within the Bureau of Public Lands the Coastal Island Registry. *Id.* at § 1203. The registry contains a listing and description of all coastal islands, including the location and true owner of each. *Id.* More importantly, the act requires that each coastal island be registered by the "true owner."

The "true owner" is defined as the person who holds title to the coastal island either by means of written evidence of title or by adverse possession. 33 M.R.S.A. § 1202(6). In order for a "true owner" to establish his actual ownership, he must register his particular coastal island with

1. Mary Cushing Anderson's initial complaint was amended to include as a plaintiff Lloyd Cushing because she conveyed the land in ques-tion to him. For simplicity, we will refer to Mary Cushing Anderson only.

the Coastal Island Registry. Each registration must include the owner's source of title. *Id.* at § 1205. Such registrations were to be filed on or before December 31, 1975, *Id.* at § 1206(1), although late registrations can be accepted. *Id.* at § 1208.

Each and every claim of ownership made by registration is reviewed by the director of the bureau. 33 M.R.S.A. § 1209. The director must notify in writing any person whose claim is initially determined to be invalid. A person whose claim is initially determined to be invalid has thirty days from the date of notification to present evidence to substantiate his claim. The director must then make a final determination of the validity of the claim within thirty days of receipt of any evidence. *Id.* Title to each coastal island that is not registered by the owner vests in the State of Maine subject to certain exceptions and conditions. *Id.* at § 1207.

## II.

Little Jewell Island is approximately one acre in size and lies to the north of Jewell Island. Little Jewell is connected to the northwesterly portion of Jewell by approximately 1300 feet of flats at low tide. The evidence relating to the ownership of Little Jewell Island is as follows. Prior to 1924, Mary McKeen gained title to Jewell Island, including Little Jewell Island. In 1924, Mary McKeen died testate and devised Jewell Island to her two daughters, Helen and Anna. The island was to be divided roughly into an eastern half and a western half, utilizing a line employed by "the executors of Old Man Chase," an earlier owner of the island. Helen, Anna and Mary's third daughter, Elizabeth, were appointed as the executors and trustees of the estate and were the devisees of the residue of the estate, with full power to sell and convey all property, both real and personal.

In 1926, Helen, Anna and Elizabeth executed two deeds to confirm and clarify their interest in Jewell Island. The first deed from Anna to Helen granted to Helen the eastern half of Jewell Island and also included a right of way along the shore on the western side of the cove to any wharfs built on the western shore of the cove or the island. The second deed from Helen and Elizabeth granted to Anna the western half of Jewell Island, using the same dividing line as the first deed, and reserving to Helen a right of way along the western shore of the cove and island corresponding to the right of way granted in the first deed. By these conveyances Little Jewell Island was clearly included in the western half of the daughters' division of Jewell Island.

In 1932, Anna conveyed the westerly half of Jewell Island to Thomas Proctor, subject to the right of way previously granted Helen, although Little Jewell Island was not referred to expressly. On May 1, 1953, Mary Cushing Anderson and her husband, having no title to Little Jewell Island, obtained a building permit from the Town of Cumberland to commence building a camp on Little Jewell Island that year.

In 1954, the trustees of the estate of Thomas Proctor conveyed the westerly half of Jewell Island to John Absmeier with no express reference to Little Jewell Island. On August 9, 1972, the administrator of the estate of Absmeier conveyed the westerly half of Jewell Island to the State of Maine. This deed expressly included Little Jewell in the description of property conveyed.

The Coastal Island Registry Act became law in 1973. Pursuant to its provisions Mary Cushing Anderson filed an island registration form for Little Jewell Island on December 11, 1974, stating that her source of title was by adverse possession for the statutorily mandated period of twenty years. 14 M.R.S.A. § 801 (1980). On February 8, 1983, the Director of the Bureau of Public Lands made an initial determination that Anderson's claim to Little Jewell Island was invalid. In a letter to Anderson informing her of this initial determination, the director stated: "We are not aware of any facts that would support a claim of title by adverse possession, such

as you made." The letter informed Anderson that she had thirty days from the date of the notice to substantiate her claim, and that she was not restricted to the submission of evidence that would be admissible in a court proceeding.

On March 8, 1983, Anderson submitted a letter with attachments, claiming ownership to Little Jewell Island by adverse possession that ripened on May 1, 1973. In support thereof she included the Town of Cumberland building permit issued on May 1, 1953. The March 8, 1983, letter further stated that "the Absmeier deed does not appear to convey Little Jewell Island to the State of Maine...."

On April 8, 1983, the Director of the Bureau of Public Lands made a final determination that Anderson's claim to be the true owner of the island was invalid. The letter informing Anderson of this final determination stated that the Absmeier deed conveyed Little Jewell Island, both by specific identification and by virtue of description as derived from a satisfactory chain of title. The letter further stated that the State acquired the island prior to the expiration of the statute of limitations, even assuming that the statute ran from the earliest date of adverse possession claimed. Anderson then sought direct judicial review of the bureau's final determination. The Superior Court affirmed the bureau's decision.

### III.

On appeal, Anderson argues that she submitted to the bureau evidence sufficient to establish her ownership of Little Jewell Island. She claims that she obtained title in 1972 by adverse possession for the following reasons: (1) Little Jewell Island was part of the *easterly* half of Jewell Island, so the State could not obtain title to Little Jewell Island from Absmeier in 1972; (2) Little Jewell Island was not conveyed by Anna McKeen to Thomas Proctor, Absmeier's predecessor in title; and (3) the adverse possession began during the spring of 1952, thereby vesting title in Anderson early in 1972, before the August 9, 1972, conveyance from Absmeier to the State.

■ The original owner, Mary McKeen, left Jewell Island to her daughters, divided the same way as previously divided by "the executors of Old Man Chase." Despite the fact that Little Jewell is connected by flats to the western half of Jewell Island, the division line used by Chase would indeed include Little Jewell with the *eastern* half. In the 1926 deeds, however, the McKeen daughters divided the island in such a manner that Little Jewell Island went with the westerly half of Jewell Island. In addition to the usual rule of construction,[2] the deeds contain language about a right of way which confirms an intention to include Little Jewell as part of the *western* half of Jewell.

■ Anderson contends in the alternative that Anna McKeen did not convey Little Jewell Island to Thomas Proctor in 1932 because Little Jewell Island is not specifically mentioned in the deed. Moreover, the deed refers to Jewell Island in Portland, not mentioning the town of Cumberland, in which a portion of Little Jewell Island is located. As outlined above, however, the record demonstrates that Little Jewell Is-

---

**2.** The conveyance of upland carries with it all the adjoining flats, up to 100 rods. *McLellan v. McFadden,* 114 Me. 242, 246, 95 A. 510 (1915). The adjoining flats generally include any island therein. *Babson v. Tainter,* 79 Me. 368, 370, 10 A. 63 (1887). Anderson cites *Babson* for the proposition that an island is not included as part of the flats even though it is within 100 rods from the main. However, *Babson* involved a situation where a grantor deeded a parcel on the mainland and an island connected by flats to the mainland to two different individuals. The Court held that in such a case—where one either takes title to the island, or adversely possesses it—the *flats* between the island and the main belong to the main, whereas the *flats* on the sea side of the island belong to the island. The adjoining flats generally include any island out to 100 rods unless that island is adversely possessed or conveyed by the mainland owner.

land was considered part of the western half of Jewell Island, and Anna had no need to specifically mention Little Jewell Island in her deed to Thomas Proctor. Furthermore, Anna's deed to Proctor states that the conveyed premises are subject to the right of way granted to Helen. That reference would be unnecessary if Little Jewell Island was not conveyed to Proctor. Anderson's contention that Little Jewell Island was not conveyed to Proctor simply because a portion of it lies in the Town of Cumberland has no merit.

■■■ In addition, Anderson argues that the adverse possession actually began during the spring of 1952 when the family allegedly spent evenings on Little Jewell Island cutting bushes and trees. Anderson also asserts that the family kept all their lobster traps on Little Jewell Island that year. Thus, Anderson claims that this open and notorious activity starting in the spring of 1952 resulted in their gaining title in the spring of 1972 before the conveyance from Absmeier to the State. This argument is based upon a document signed by Mrs. Anderson and referred to as an "affidavit." Because this evidence was not submitted to the bureau at the administrative level, we do not consider it on appeal. The Administrative Procedure Act permits State agencies to "place on any party the responsibility of requesting a hearing." 5 M.R.S.A. § 9053 (1979). Anderson had ample opportunity to request a hearing on this issue, and failed to do so. In addition, the bureau accepted as fact everything that she had submitted on the question of adverse possession.[3]

The entry is:

Judgment affirmed.

All concurring.

3. Anderson's argument that rejection of her claim without a hearing violates constitutional guarantees of due process has no merit because she failed to request a hearing. She raises no issue concerning deprivation of property without just compensation so we need not decide, and we intimate no opinion on whether the application of section 1207 subject to the conditions contained in section 1208 constitutes a taking of property.